NICHOLSON *v.* DAVIS.

1. BROKERS—COMMISSIONS—PROCURING CAUSE.

A broker must show he was the procuring cause of sale of defendant vendor's restaurant in order to recover commission for sale consummated very shortly after expiration of 30-day period during which plaintiff had the exclusive right of sale.

2. SAME—PROCURING CAUSE OF SALE—FINDING OF COURT—EVIDENCE.

Trial court's finding in broker's nonjury action for commission for sale of defendant's restaurant that plaintiff was the procuring cause of the sale was not against the clear preponderance of the evidence, where, among other things, it appears sale was concluded speedily after expiration of a 30-day period within which plaintiff had exclusive sale and listing agreement provided for commission to plaintiff if he were the procuring cause of the sale.

3. APPEAL AND ERROR—TRIAL—EXAMINATION OF WITNESSES BY COURT—NONJURY CASE.

Examination of witnesses by trial court in broker's nonjury action for commission for sale of restaurant *held,* not to have resulted in error where defendant does not indicate the respects in which trial court's active participation in such examination resulted in a different showing or in proofs less favorable to defendant than otherwise might have resulted.

4. PLEADING—AMENDMENT—PROOFS—AD DAMNUM CLAUSE.

Amendment of *ad damnum* clause to increase demand of plaintiff broker in action for commission from $3,000 to $3,500 and entry of judgment for $3,140 was not error, where listing

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 8 Am Jur, Brokers, § 172.
[1, 2] Right of real estate broker to commissions where he was unable to procure an offer of the owner's price from one whom he interested, and who subsequently, without his intervention, purchased at that price. 9 ALR 1194.
[2] 8 Am Jur, Brokers, § 226.
[3] 3 Am Jur, Appeal and Error, §§ 695, 710, 770.
[4] 8 Am Jur, Brokers, § 146; 15 Am Jur, Damages, § 310.

agreement provided for sale of defendant's restaurant at
$27,500 and gave plaintiff a 10 per cent. commission if he was
the procuring cause of a sale and defendant's proofs showed
purchaser to whom sale was made immediately after termina-
tion of plaintiff's exclusive sale period paid $31,400.

Appeal from Wayne; Murphy (George B.), J.
Submitted January 3, 1950. (Docket No. 9, Calendar
No. 44,541.) Decided February 28, 1950.

Assumpsit by Peter G. Nicholson, doing business
as P. G. Nicholson & Company, against John G.
Davis to recover broker's commission on sale. Judg-
ment for plaintiff. Defendant appeals. Affirmed.

*Louis A. Gottlieb,* for plaintiff.

*Paul Bairas,* for defendant.

DETHMERS, J. Defendant appeals from a judg-
ment for plaintiff for a real estate broker's commis-
sion. By written agreement, dated May 13, 1946,
defendant gave plaintiff the exclusive right for the
ensuing 30 days to sell defendant's restaurant for
$27,500, the agreed broker's commission to be 10 per
cent. The agreement further provided that plaintiff
should be entitled to the commission in the event a
sale were made after the 30-day period, if made
either directly or indirectly through plaintiff's ef-
forts or to a party who had become interested in the
purchase through plaintiff's agency, irrespective of
the price agreed upon by the vendor and vendee. On
the day after plaintiff's exclusive-listing period had
expired defendant and one Prentis agreed to and on
the following day did close a deal whereby defendant
sold the restaurant to Prentis for $31,400. Plaintiff
claimed that Prentis was his client and, upon defend-
ant's refusal to pay the commission, brought this
suit.

The parties seem to be in accord with the view of the trial court, sitting without a jury, that inasmuch as the sale was consummated after the 30-day exclusive-listing period had expired and it was not shown that plaintiff had presented to defendant a party ready, willing and able to purchase during that period, the controlling question in the case is whether plaintiff is entitled to recover under the provisions of the agreement relating to a sale after the expiration of the 30-day period made directly or indirectly through plaintiff's efforts or to a party interested through his agency, or, stated in other words, whether plaintiff was the procuring cause of the sale. *Douville* v. *Comstock,* 110 Mich 693; *Wood* v. *Smith,* 162 Mich 334; *Kinsey* v. *Barth,* 192 Mich 219; *Schmidt* v. *Maples,* 291 Mich 225; *McCready* v. *Nicholson,* 213 Mich 551.

The first 2 questions raised by defendant relate to whether the trial court's finding that plaintiff was the procuring cause of the sale was against the clear preponderance of the evidence. Testimony by plaintiff and 2 employees in his office was to the effect that starting on the day following his receipt of the listing agreement plaintiff advertised the restaurant for sale in a daily newspaper; that within a day or 2 thereafter Prentis came into plaintiff's office with the advertisement in his hand, inquiring about the restaurant advertised; that plaintiff told him all about it and Prentis stated that he knew the place well and would go there himself to look it over; that plaintiff called defendant on the phone and told him that Prentis would be over to buy the place; that Prentis did go to the restaurant and engaged in negotiations with defendant for the purchase during the 30-day listing period; that during that time plaintiff heard of these negotiations and called defendant to inquire about them and at that time told defendant that Prentis was plaintiff's client, but that

defendant thereupon denied that he was going to sell to Prentis; that defendant and Prentis waited until the day following the expiration of the listing agreement in order to save the commission and then closed the deal.

Prentis testified that he never saw plaintiff's advertisement and that plaintiff never mentioned defendant's restaurant to him; that plaintiff had attempted to sell him another business at a time prior to the existence of plaintiff's listing agreement from defendant; that he, Prentis, first learned that defendant's restaurant was for sale from another person who introduced him to defendant, but that Prentis was not at that time interested in buying; that he first knew that the restaurant was listed with plaintiff when defendant told him so during the latter part of May, 1946; that it was not until June 15th that he decided to buy it. Defendant's testimony was substantially in accord with that of Prentis.

In its opinion the trial court termed the pertinent testimony of defendant and Prentis incredible and stated that the court did not believe it. The trial judge had the advantage of seeing and hearing the witnesses. The record does not indicate that he was unjustified in believing plaintiff and his witnesses and disbelieving defendant and Prentis. Having accepted plaintiff's version of the facts, the court was not unwarranted in concluding that plaintiff was the procuring cause of the sale, in view of the speed with which the defendant and Prentis concluded the deal upon expiration of the 30-day listing period, after plaintiff had acquainted Prentis with the availability of the restaurant and the terms upon which it could be bought and had notified defendant that Prentis was his client and after defendant had denied to plaintiff that he was going to sell to Prentis. The trial court did not overlook the fact, stressed by

defendant, that according to the testimony of defendant and Prentis the sale price to the latter was $3,900 more than that at which it had been listed with plaintiff, but pointed out that the truth and facts concerning that matter and the reasons therefor were, of course, peculiarly within the knowledge and control of defendant and Prentis rather than of plaintiff. The record does not convince us that the court's finding was against the clear preponderance of the evidence.

Defendant also complains that the trial judge participated too actively in the examination of witnesses. Defendant does not indicate the respects in which this resulted in a different showing or in proofs less favorable to defendant than otherwise might have resulted. We perceive no error in this connection.

It developed on trial from defendant's proofs that the purchase price paid by Prentis was $31,400. Thereupon plaintiff moved and the court permitted him to amend the *ad damnum* clause of his declaration, increasing its demand from $3,000 to $3,500. Judgment was entered for $3,140. This constituted no error. See *Daines* v. *Tarabusi,* 250 Mich 217.

Judgment affirmed, with costs to plaintiff.

BOYLES, C. J., and REID, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.